SLR:MJG

(MGO-USAO)

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - -X

UNITED STATES OF AMERICA,

        Plaintiff,

  - against -

LOCAL 282 OF THE INTERNATIONAL
BROTHERHOOD OF TEAMSTERS, et al.,

        Defendants.

- - - - - - - - - - - - - - - - -X

**F I L E D**
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.

★ **MAR 0 1 2013** ★

LONG ISLAND OFFICE

FIFTH AMENDED
CONSENT JUDGMENT

Civil Action
No. CV-94-2919

(Platt, J.)
(Orenstein, M.J.)

      WHEREAS, the plaintiff United States of America ("United States") commenced this lawsuit on June 21, 1994, by filing a complaint pursuant to the Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. § 1961, et seq. ("RICO"), against Local 282 ("Local 282") of the International Brotherhood of Teamsters ("IBT"), the former Executive Board of Local 282, and various individuals, seeking civil remedies pursuant to 18 U.S.C. § 1964; and

      WHEREAS, the IBT, in accordance with its Constitution and By-Laws, previously placed Local 282 in a trusteeship several months before the initiation of this action; and

      WHEREAS, the United States, Local 282 and the IBT entered into a Consent Judgment, which was ordered by the

District Court on or about March 22, 1995 ("Consent Judgment"), to settle this action to eradicate Corruption and organized crime influence in Local 282; and

WHEREAS, the United States, Local 282 and the IBT have entered into four additional Consent Judgments extending the Consent Judgment through January 31, 2013, all of which have been so ordered by the District Court; and

WHEREAS, in or about November 2000, an election of officers was held which released Local 282 from IBT trusteeship; and

WHEREAS, in or about November, 2000, November 2003, November 2006, November 2009 and November 2012, fair, free and untainted elections of Local 282 officers were held; and

WHEREAS, the IBT, although not a defendant in this action, has had certain affirmative obligations under the Consent Judgment, the Amended Consent Judgment and the Second Amended Consent Judgment, and has consented to the terms of the Revised Third Amended Consent Judgment, the Fourth Amended Consent Judgment and this Fifth Consent Judgment, without such consent being deemed an admission of the truth or validity of any of the claims or allegations contained in the complaint in this action; and

WHEREAS, the United States, Local 282 and the IBT have agreed to the entry of the Consent Judgment, the Amended Consent Judgment, the Second Amended Consent Judgment, the Revised Third Amended Consent Judgment, the Fourth Amended Consent Judgment and this Fifth Amended Consent Judgment, in order to eradicate and prevent the influence of racketeering, Corruption and organized crime influence and Corruption in Local 282; and

WHEREAS, Robert Machado served as the "Corruption Officer" under the original Consent Judgment and the First through Third Amended Consent Judgments, and as Investigations Officer under the Fourth Amended Consent Judgment, and the Hon. Milton Mollen served as Corruption Counsel under the original Consent Judgment and the First through Third Amended Consent Judgments, and under the Fourth Amended Consent Judgment, as Investigations Counsel; and

WHEREAS, the Investigations Officer and the Investigations Counsel agree to continue in their offices, subject to the powers, responsibilities, duties, limitations and provisions for replacement described herein; and

WHEREAS, the United States, Local 282, the IBT, Investigations Officer Machado and Investigations Counsel Mollen at the time of this Fifth Amended Consent Judgment, seek to ensure that Local 282 continues to be free from organized crime

influence and "acts of Corruption" as that term is defined in Section III.A. below.

IT IS HEREBY ORDERED, ADJUDGED AND DECREED THAT:

I.        INJUNCTION AGAINST CERTAIN ACTIVITIES:

Local 282 and all of its current and future officers, agents, representatives, employees, and members are enjoined from:

A.        engaging in conduct which constitutes or furthers an act of racketeering activity, as enumerated or defined in 18 U.S.C. § 1961;

B.        knowingly associating with any member, associate, or other individual involved with an organized criminal group, or knowingly associating with any person enjoined from participating in union affairs; and

C.        obstructing the work of the Investigations Officer described herein or the implementation of any other relief that may be imposed in this case.

As used herein, the term "knowingly associating" shall have the same meaning as that ascribed to it in the context of the consent decree in *U.S. v. IBT (DiGirlamo)*, 824 F. Supp. 410, 414 (S.D.N.Y. 1993), *aff'd*, 19 F.3d 816, 824 (2d Cir.), *cert. denied*, 513 U.S. 873 (1994) (*e.g.*, "Prohibited knowing association with an organized crime figure is established when

contact is purposeful and not incidental or fleeting. Purposeful contacts are prohibited even if no illegal purpose is demonstrated. Purposeful contacts may occur in either a business or a social setting").

II.     POWERS AND DUTIES OF THE LOCAL 282 PRESIDENT:

The Local 282 President shall have the powers, rights and responsibilities of an elected President of a Teamsters local established in the Local 282 By-Laws, the IBT Constitution and applicable federal labor laws.

III.    APPOINTMENT, TERM AND POWERS AND DUTIES OF THE INVESTIGATIONS OFFICER:

The Investigations Officer is authorized to conduct investigations into alleged acts of Corruption, as that term is defined in Section III.A below, to eliminate and prevent the influence of organized crime in Local 282.

If the Investigations Officer determines that an act of Corruption has occurred, he shall refer the matter to the President, who shall address the matter pursuant to his duties and responsibilities under the Local 282 Bylaws, the IBT Constitution and applicable law. However, if the Investigations Officer refers the matter to a law enforcement agency, the Investigations Officer shall not be required to disclose or refer the matter to the President.

If the Investigations Officer receives information that an act of Corruption may have occurred and he does not reasonably believe that the alleged act of Corruption involves organized crime or racketeering activity, he will refer the matter immediately to the President of Local 282, without further investigation. The President shall then address the referred matter pursuant to his duties and responsibilities under the Local 282 Bylaws, the IBT Constitution and applicable law.

If the Investigations Officer refers a matter to the President of Local 282 under this section, and the United States, in its sole judgment, determines that a matter referred by the Investigations Officer has not been pursued and decided by the Local 282 President in a lawful, responsible, or timely matter, or that the resolution proposed by Local 282 is inadequate under the circumstances, the United States may make application to the Court for relief, including, but not limited to, removal of individuals as officials or members of Local 282.

The Investigations Officer shall be compensated as provided for in Section V. herein. The Investigations Officer's term of office, which commenced in May, 1995, shall be extended up until December 31, 2015.

The Investigations Officer may be removed by the Court, upon application by the United States, if it is shown that the Investigations Officer has committed an illegal act or has inadequately and unreasonably performed his duties and responsibilities provided for in this Fifth Amended Consent Judgment.

If the current Investigations Officer is removed from the position, or the position becomes vacant for any reason, the United States shall provide to the Local 282 President and the General Counsel of the IBT or his designee a list of three persons proposed to be the new Investigations Officer, and the Local 282 President and the General Counsel of the IBT or his designee shall have fifteen (15) days after the names are submitted to interview the proposed persons and may strike one of the three names proposed. The United States shall then submit to the Court the two or three remaining names and the Court shall then select, upon notice to the U.S. Attorney's Office, the Local 282 President and the General Counsel of the IBT or his designee, a person from the remaining names as the new Investigations Officer. The Court shall have the right to reject all of the remaining names and request a resubmission of names by the United States in accordance with the foregoing provisions of this paragraph.

The Investigations Officer shall have the powers, rights, and responsibilities described below during his term of office:

A.   To investigate Corruption within Local 282, with such assistance as he/she deems appropriate, subject to any provisions set forth in this Fifth Amended Consent Judgment. For the purpose of this Fifth Amended Consent Judgment, the term "Corruption" shall include, but not be limited to, bribery, embezzlement, extortion, kickbacks, graft, loansharking, hijacking, larceny and theft, violations of 29 U.S.C. § 186, racketeering activity as defined in 18 U.S.C. § 1961(1), the domination, control, influence by, or association with any organized crime element, and any of the activities violative of Provision I.A.-C. herein;

B.   In the course of an investigation, to interview any Local 282 officer, administrator, organizer, business agent, employee, steward, negotiator, trustee or member, about any matter within the jurisdiction of his/her powers and duties, and to gain entrance to, inspect and investigate, without advance notice or permission, any job site, depot, building or office at which members of Local 282 are working;

C.   In the course of an investigation, to the same extent that Local 282 is entitled under applicable laws or

agreements, to obtain access to any records, or to investigate or interview any persons under the control of an employer who employs employees represented by Local 282, including but not limited to access to such records or persons relating to contributions made by employers to pension or other benefit plans in which Local 282 members participate, relating to any matter within the jurisdiction of his/her powers and duties;

D.    In the course of an investigation, to take testimony informally or formally on the record before a reporter or otherwise as the circumstances may require in his/her sole discretion about any matter within the jurisdiction of his/her powers and duties;

E.    To request and obtain from Local 282 access to all books, records, files, accounts, and correspondence of Local 282, its Executive Board, officers and any benefit plans in which members of Local 282 participate (to the same extent that Local 282 has such access), including but not limited to all records which would be available to the Chief Investigator's Office of the IRB under the IBT Consent Decree, about any matter within the jurisdiction of the Investigations Officer's powers and duties.

E.   To hire, appoint, retain and discharge appropriate personnel necessary to assist in the proper discharge of his/her powers and duties,

F.   To refer possible violations of law to federal, state, or local law enforcement authorities.

G.   To apply to the Court for leave to expend the funds of the Escrow Account established in the Stipulation of Settlement and Order, dated November 8, 1994 ("Escrow Account"), in accordance with Section V. herein.

H.   To file with the Court and serve upon the U.S. Attorney's Office and upon the Local 282 President and the General Counsel of the IBT or his designee a written report once every three (3) months, commencing ninety (90) days after the Effective Date of the Fifth Amended Consent Judgment, summarizing:

1.   The activities of the Investigations Officer;

2.   The expenditures of the Investigations Officer; and

3.   Any activity with respect to the Escrow Fund. The Investigations Officer shall furnish the Court, the Local 282 President and the General Counsel of the IBT or his designee with a final accounting of the compensations, fees and expenses paid under the provisions of the Consent Judgment, the Amended

Consent Judgment, the Second Amended Consent Judgment, the
Revised Third Amended Consent Judgment, the Fourth Amended
Consent Judgment and this Fifth Amended Consent Judgment ninety
(90) days of the end of the term of the Investigations Officer
or at such other time as the Court may direct.

I.    To conduct background checks of the candidates in
any officer elections held by Local 282 in order to determine
whether any candidate has engaged or is engaging in any acts
consisting of or furthering an act of Corruption as defined
herein; and

J.    To request that the U.S. Attorney's Office
provide such assistance as may be necessary and appropriate to
carry out the powers conferred upon the Investigations Officer.

IV.        APPOINTMENT, TERM AND POWERS AND
           DUTIES OF THE INVESTIGATIONS COUNSEL:

If the current Investigations Counsel leaves, the
United States shall within ninety (90) days of the vacancy,
submit to the Court, with notice to the Local 282 President and
the IBT General Counsel or his designee, a list of three persons
with the background and experience to serve as "Investigations
Counsel." The Court shall then select, upon notice to the U.S.
Attorney's Office, the IBT General Counsel or his designee, and
the Local 282 President, a person from that list, or in the

alternative may reject all three names and request the submission of additional names by the United States. Nothing herein shall preclude the Court from suggesting to the United States candidates for Investigations Counsel for review of their qualifications as an aid to the Court. The Investigations Counsel shall be compensated and subject to the limitations as provided for in Section V. herein. Upon request by the Investigations Counsel, the United States, if it deems it appropriate, may assist in representing the Investigations Officer before this Court. The Investigations Counsel's term of office shall be same as that of the Investigations Officer in Section III herein.

The Investigations Counsel shall have the powers, rights, and responsibilities described below, subject to the limitations stated in Section V herein:

A. To provide any legal advice, counsel or assistance needed by the Investigations Officer in the execution of his/her powers, rights and responsibilities, including but not limited to those set forth in Section III. herein;

B. To represent or assist the Investigations Officer in any legal or other proceedings involving the Consent Judgment, the Amended Consent Judgment, the Second Amended Consent Judgment, the Revised Third Amended Consent Judgment,

the Fourth Amended Consent Judgment or this Fifth Amended
Consent Judgment before this Court or any other courts or
agencies;

C.   To subpoena witnesses and documents and to depose
or take statements of witnesses relevant to the performance of
his/her powers and duties and those of the Investigations
Officer;

D.   To assist in the preparation and filing with the
Court of any reports or papers to be submitted by the
Investigations Officer as provided for in the Consent Judgment,
the Amended Consent Judgment, the Second Amended Consent
Judgment, the Revised Third Amended Consent Judgment, the Fourth
Amended Consent Judgment and this Fifth Amended Consent
Judgment; and

E.   To apply to the Court for such assistance as may
be necessary and appropriate to carry out the powers conferred
upon the Investigations Officer.

V.   THE INVESTIGATIONS OFFICER'S AND INVESTIGATIONS
     COUNSEL'S COMPENSATION AND OTHER FEES AND EXPENSES:

A.   The Investigations Officer will work full-time in
his/her position, and will not accept other employment during
his/her tenure as Investigations Officer.  The Investigations
Officer shall be compensated directly by Local 282 in the same

manner as Local 282 officers the annual rate of $174,385.12
without any benefits, and shall receive annual increases in the
same percentage as the Local 282 officers. Local 282 shall make
available, at no cost to the Investigations Officer, adequate
office space at the Local 282 main offices, and shall provide
all furniture for the office space, utilities, and any
secretarial, clerical, copying, mailing, communications and
custodial services, to the same extent that such services are
provided to officers of Local 282.

B.   The Investigations Counsel shall be compensated
with a reasonable hourly fee for work performed, and for any
associated costs and expenses of the Investigations Counsel, in
an amount not to exceed $100,000 each year of his/her service
under this Fifth Amended Consent Judgment.

C.   Procedure of Payment For Fees, Services and
Expenses: Any expenses, fees, costs, or other debt incurred by
the Investigations Officer in performing his/her rights, powers
and responsibilities provided for in the Consent Judgment, the
Amended Consent Judgment, the Second Amended Consent Judgment,
Revised Third Amended Consent Judgment, the Fourth Amended
Consent Judgment and this Fifth Amended Consent Judgment
(excluding the Investigations Officer's salary and the
compensation for the Investigations Counsel) shall constitute

the "Investigations Officer's Expenses." The total of the
Investigations Officer's Expenses after the Effective Date of
this Fifth Amended Consent Judgment shall not exceed $85,500 for
each year thereafter. The Investigations Officer's Expenses and
the compensation of the Investigations Counsel shall be paid
from the funds of the Escrow Account, in the manner described in
subparagraph C.3. herein.

1. Any payments made in civil settlement with the
individual defendants or ordered by the District Court as relief
in this case shall be deposited at once into the Escrow Account.
If, during the time when the Consent Judgment, the Amended
Consent Judgment, the Second Amended Consent Judgment, Revised
Third Amended Consent Judgment, the Fourth Amended Consent
Judgment or this Fifth Amended Consent Judgment are in effect,
any additional settlements are reached with the individual
defendants which provide for payments to the Escrow Account, or
the Court orders any defendants to make payments for funding of
the Consent Judgment, such funds shall be deposited immediately
in the Escrow Account.

2. As of the Effective Date of this Fifth Amended
Consent Judgment, Local 282 shall deposit into the Escrow
Account any funds necessary to make the total in the Escrow
Account $50,000. On the first business day of every other month

thereafter during which the Investigations Officer serves, Local 282 shall deposit into the Escrow Account additional funds to raise the total of the Escrow Account to $50,000. At any time and at its discretion, Local 282 may deposit additional funds above the minimum level of funding required in this Section in the Escrow Account.

      3.    The Investigations Officer shall submit to the Court, the Local 282 President and the General Counsel of the IBT or his designee once every three (3) months, starting ninety (90) days after the Effective Date of this Fifth Amended Consent Judgment, a request for payment which itemizes all the Investigations Officer's Expenses and compensation for the Investigations Counsel incurred during the previous three (3) month period. The Local 282 President, after consultation with the General Counsel of the IBT or his designee, may file an objection to such request within ten (10) days (excluding weekends and holidays) from receipt of the request, but only on the grounds that (a) such expenses and compensation exceed the annual cumulative total of such expenses or compensation provided for in this Section, or (b) the payment of such expenses or compensation from the Escrow Account are not provided for under this this Fifth Amended Consent Judgment. If the Local 282 President files an objection on such grounds and

the Court determines such objection to be valid, the Court shall order that the Investigations Officer's request shall not be paid from the Escrow Account in the amount of the invalid expenses or compensation. If no objection is filed, the Investigations Officer shall withdraw from the Escrow Account an amount sufficient to pay such request, and shall make payments to the proper parties. Upon reasonable cause, Local 282 may make application to the Court for the appointment of an independent auditor to review the Investigations Officer's expenses. The report shall be submitted to the Court for an *in camera* review. Any party to this Fifth Amended Consent Judgment may make application to the Court to review the report.

4. Any funds remaining in the Escrow Account at the completion of the term of the Investigations Officer shall be paid to Local 282.

VI.     <u>ELECTIONS</u>

A.     The Investigations Officer shall be given notice of all candidates who wish to run in the elections at least thirty (30) days before the formal nominations are to occur. The Investigations Officer shall bar candidates from being nominated or running for office in the elections if the person has been removed or suspended from office or position or if the person has engaged in an act of Corruption as defined herein.

B.    The provisions of this Section do not apply to any elections held by Local 282 for the purpose of electing delegates to the Convention of the IBT which may be held during the term of this Fifth Amended Consent Judgment.

VII.    INSURANCE AND INDEMNIFICATION:

The Investigations Officer, Investigations Counsel and any persons hired by or acting on their behalf, shall enjoy whatever privileges and immunities from personal liability may exist under the law for court officers.  The Investigations Counsel, and at its option, the U.S. Attorney's Office, shall have responsibility for defending the Investigations Officer or anyone acting on his/her behalf in any lawsuit for any actions taken pursuant to the Consent Judgment, the Amended Consent Judgment, the Second Amended Consent Judgment, the Revised Third Amended Consent Judgment, the Fourth Amended Consent Judgment and this Fifth Amended Consent Judgment which are covered by such privileges and immunities from personal liability.

Local 282 shall purchase a policy of insurance in an appropriate amount to protect the Investigations Officer from personal liability for any of his/her actions taken on behalf of Local 282 pursuant to the Consent Judgment, the Amended Consent Judgment, the Second Amended Consent Judgment, the Revised Third Amended Consent Judgment, the Fourth Amended Consent Judgment

and this Fifth Amended Consent Judgment.  The premium charges
for this insurance shall be included as part of the
Investigations Officer's Expenses as provided for in Provision
IV.C. herein and paid in accordance therewith.

VIII.    NOTICE TO LOCAL 282 MEMBERS:

Local 282 shall notify the membership of this Fifth
Amended Consent Judgment by posting copies of the fully executed
version at Local 282's main offices and by mailing a copy to
each member's last known address.

IX.    EFFECTIVE DATE OF FIFTH AMENDED CONSENT JUDGMENT:

The provisions of this Fifth Amended Consent Judgment
shall be effective upon the so ordering by the Court of the
executed Fifth Amended Consent Judgment in the District Court,
and its provisions supersede any contrary provisions in the
Consent Judgment, the Amended Consent Judgment, the Second
Amended Consent Judgment, the Revised Third Amended Consent
Judgment and the Fourth Consent Judgment.  This Fifth Amended
Consent Judgment shall remain in effect thereafter until
December 31, 2015.

X.    RETENTION OF JURISDICTION:

This Court shall retain exclusive jurisdiction to
supervise implementation of this Fifth Amended Consent Judgment
and shall have exclusive jurisdiction to decide any and all

issues arising under this Fifth Amended Consent Judgment.

XI.     SCOPE OF JUDGMENT:

Nothing in this Fifth Amended Consent Judgment, nor any of the rights, powers, or responsibilities of the Investigations Officer shall be construed to limit the Court in terms of its authority to impose other appropriate relief.  The Court shall in its discretion call for such additional reports from the Investigations Officer and/or the Investigations Counsel as the Court may deem necessary and advisable and shall call for and compel the attendance at meetings from time to-time of the Investigations Officer and/or the Investigations Counsel as the Court may deem necessary and advisable.

XII.    FUTURE ACTIONS:

Nothing in this Fifth Amended Consent Judgment shall preclude the United States or any of its departments or agencies from taking any appropriate action against any officer, employee, agent, representative or member of Local 282 in reliance on federal laws, including but not limited to any criminal investigation or prosecution or any action under federal tax laws.

XIII.   AMENDMENTS TO FIFTH AMENDED CONSENT JUDGMENT:

Each party shall be able to petition this Court at any time during this proceeding, upon notice to other parties, for

modification or amendment of any of the terms of this Fifth
Amended Consent Judgment, or for such assistance as may be
necessary and appropriate to implement the intent of this Fifth
Amended Consent Judgment.

XIV.     STANDING TO BRING A CLAIM UNDER
         THIS FIFTH AMENDED CONSENT JUDGMENT:

         Nothing in this Fifth Amended Consent Judgment shall
be construed to allow any person or entity who is not a party to
this Fifth Amended Consent Judgment to have a right to bring a
claim arising under the Consent Judgment, Amended Consent
Judgment, the Second Amended Consent Judgment, the Revised Third
Amended Consent Judgment, the Fourth Amended Consent Judgment or
this Fifth Amended Consent Judgment in this Court or any other
court.

XVI.     JURISDICTION OF THE COURT:

         For purposes of this lawsuit and the enforcement of
this Fifth Amended Consent Judgment, Local 282 consents to this
Court's exercise of jurisdiction over Local 282, its officers,
agents, representatives and employees in this action.   In order
to aid and protect the jurisdiction of this Court, any claim,
action, application or other proceeding against the
Investigations Officer, Investigations Counsel, Local 282, the
Local 282 President, the Executive Board or any other person or

entity, which arises out of or relates to any provision of the Consent Judgment, the Amended Consent Judgment, the Second Amended Consent Judgment, the Revised Third Amended Consent Judgment, or the Fourth Amended Consent Judgment or this Fifth Amended Consent Judgment shall be brought before or removed to this Court.

This Agreement may be signed in Counterpart.

Dated:     Brooklyn, New York
           February 28, 2013

LORETTA E. LYNCH

United States Attorney
271 Cadman Plaza East
Brooklyn, New York 11201

By: _____
    Michael J. Goldberger
    Assistant U.S. Attorney
    (718) 254-6052

COHEN WEISS and
SIMON, LLP
Attorneys for Local 282
330 West 42nd Street
New York, New York 10036

By: _____
    Susan Davis, Esq.
    (212) 356-0207


BRADLEY T. RAYMOND
General Counsel, IBT


_____
Bradley T. Raymond


IT IS SO ORDERED THIS 1st
DAY OF FEBRUARY, 2013:


_____
HON. THOMAS C. PLATT

This Agreement may be signed in Counterpart.

Dated:    Brooklyn, New York
          _____,2013

    LORETTA E. LYNCH

    United States Attorney
    271 Cadman Plaza East
    Brooklyn, New York 11201

    COHEN WEISS and
    SIMON,LLP
    Attorneys for Local 282
    330 West 42nd Street
    New York, New York 10036

By: _____

    Michael J. Goldberger
    Assistant U.S. Attorney
    (718) 254-6052

By: _____

    Susan Davis, Esq.
    (212) 356-0207

    BRADLEY T. RAYMOND
    General Counsel, IBT

    Bradley T. Raymond

IT IS SO ORDERED THIS __
DAY OF ~~FEBRUARY~~, 2013:
March

/s/ Thomas C. Platt
_____
HON.  THOMAS  C.  PLATT